IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNY R. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-530-R |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge David L. Russell has referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition [Doc. No. 1] has been promptly examined, and for the reasons set forth herein, it is recommended that the action be dismissed upon filing for lack of subject matter jurisdiction.

**I.     Background**

Petitioner is an Oklahoma prisoner in the custody of the Oklahoma Department of Corrections and currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. Petitioner is serving a sentence of life imprisonment arising from his conviction for Murder in the First Degree, Case No. CRF-78-2706, District Court of Oklahoma County, State of Oklahoma. *See Campbell v. State*, 636 P.2d 352 (Okla. Crim. App. 1981).

Petitioner has filed numerous actions in this Court. *See* Previous Cases [Doc. No. 5] (listing eleven previous cases as of the date of the filing of this action.). Several of the previous cases are civil rights actions. But two of the prior actions included in the list of previous cases are habeas actions. One of the habeas actions was filed in December 1992. *See Campbell v.*

*Cowley*, Case No. CIV-92-2413-T. The action was dismissed on grounds of abuse of the writ. *See id.,* Judgment (June 10, 1993). In that habeas action, as set forth in the Findings and Recommendation of United States Magistrate Judge [Doc. No. 22], the court identified Petitioner's first habeas corpus challenge to his conviction and sentence, *Campbell v. Cowley*, Case No. CIV-88-1407-T (W.D. Okla.).[1] Petitioner raised numerous grounds for habeas relief and the petition was denied on the merits. Based on the merits denial of Petitioner's first habeas petition, the court dismissed the habeas petition in Case No. CIV-92-2413-T as successive and an abuse of the writ. *See id.* The other action in which Petitioner purports to seek habeas relief was filed just one day prior to the filing of the instant action. *See Campbell v. Bear*, Case No. CIV-16-526-R (Compl. filed May 19, 2016).

With respect to Petitioner's prior civil rights actions, it appears he may now qualify as a "three-strikes" prisoner litigant under 28 U.S.C. § 1915(g).[2] If so, then absent a showing of imminent danger of serious physical injury, Plaintiff has lost the privilege of proceeding in forma pauperis. The Court, however, need not decide that issue for purposes of this recommendation.

## II.    Screening Requirement

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Likewise, the Court has "an independent obligation to determine whether subject-matter

---

[1] The Court takes judicial notice of public records related to the prior actions filed by Petitioner in this judicial district.

[2] In *Campbell v. Cowley*, Case No. CIV-95-2022-R, the docket reflects that the Court warned Mr. Campbell that it was considering the imposition of sanctions as he had filed three actions all raising identical, frivolous claims. *See* Order [Doc. No. 6]; *see also Campbell v. Cowley*, No. 92-268-R, Order Adopting Report and Recommendation [Doc. No. 6] and *Campbell v. Cowley*, No. 93-577-R, Order and Judgment [Doc. No. 7].

jurisdiction exists" and may raise the issue sua sponte at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see also* Fed. R. Civ. P.12(h)(3); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006) (Rule 60(b) motion was actually a second or successive § 2254 habeas petition over which the district court "lacked subject matter jurisdiction.").

### III. <u>Grounds for Relief</u>

Petitioner has submitted his petition on a form used for writs of habeas corpus brought pursuant to 28 U.S.C. § 2254. In response to the question asking the petitioner to identify the judgment of conviction being challenged, Petitioner has stated "see attachment." *See* Petition at p. 1.[3] And, included with the Petition is a copy of the Judgment and Sentence on his murder conviction. *See id*. at p. 5.

Beyond the identification of the challenged conviction, however, Petitioner's allegations are mostly unintelligible, making this Court's task to construe his claims difficult.[4] As relief, he seeks release from custody and asks that the Court grant him "time cut and time served." *See* Petition at p. 18; *see also id.* at p. 12 ("I'm still seeking a time cut and a time served, on my lieing [sic] criminal case . . . .").[5] But he also seeks monetary damages in the sum of "seven

---

[3] Page citations to Petitioner's submissions reference the Court's Electronic Case Filing pagination.

[4] Petitioner submits multiple pages replete with extensive biblical references and citation to various constitutional provisions, but without corresponding factual allegations. To the extent factual allegations are made, they are most cryptic or otherwise unintelligible.

[5] A habeas challenge to the conviction itself is properly brought pursuant to 28 U.S.C. § 2254. And, Petitioner identifies § 2254 as the basis upon which he seeks habeas relief. Petitioner's references to "time served" in requesting his release from custody might conceivably implicate a challenge to the execution of his sentence. Such a habeas challenge must be brought pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Court, however,

zillion dollars" and that various prison officials be fired from their employment. *See* Petition at p. 18; *see also id.* at p. 15.

Petitioner also purports to challenge the conditions of his confinement. For instance, he claims prison officials have "force medicated" him (Petition at p. 6), violated his religious exercise rights (*see id.*), failed to properly treat mental health issues (Petition at p. 9), violated his First, Eighth And Fourteenth Amendment rights by "tormenting many of us prisoners" and "kill[ing]" Petitioner (Petition at p. 14) and "injured [him] for life" and "force[d]" Petitioner to work (Petition at p. 15). He also attaches to the Petition voluminous exhibits (over 300 pages) primarily consisting of his prison grievance submissions.[6]

## IV. Analysis

### A. This Court Lacks Jurisdiction Over Any Claims for Habeas Relief

As set forth, Petitioner seeks release from custody in this action. A claim "necessarily challenges the fact or duration of confinement when the remedy sought is the immediate or speedier release from confinement" and "such a claim must be brought under habeas." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

Because Petitioner has previously sought federal habeas corpus relief pursuant to § 2254 attacking the Oklahoma County conviction and sentence in Case No. CRF-78-2706, any current challenge to the conviction and sentence is second or successive. Pursuant to 28 U.S.C. § 2244(b), a petitioner may proceed with a second or successive habeas corpus action under section 2254 in limited circumstances, and "[b]efore a second or successive application

---

declines to find Petitioner challenges the execution of his sentence pursuant to 28 U.S.C. § 2241. Even allowing a most liberal construction of the requested relief, Petitioner identifies no claim and asserts no facts to support such a construction.

[6] The grievances date as far back as 2004. It appears the most recent grievances relate to time periods during the year 2012.

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. The statutory requirement for prior authorization is jurisdictional. *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998) (because the petitioner did not obtain prior authorization to file a successive habeas petition, "the district court lacked jurisdiction to decide his unauthorized second petition"), *overruled on other grounds by Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); *see also* 28 U.S.C. § 2244(b)(3)(A).

When faced with a second or successive petition a district court may transfer the action to the Tenth Circuit Court of Appeals for prior authorization if it is in the interests of justice to do so under 28 U.S.C. § 1631. Alternatively, the court may dismiss the petition for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

As set forth above, Petitioner has already brought a federal habeas action pursuant to 28 U.S.C. § 2254 challenging his Oklahoma County conviction and sentence in Case No. CRF-78-2706 and has attempted to bring a second habeas challenge, dismissed as successive. The Petition contains no allegations that Petitioner could satisfy the requirements for filing a successive petition. *See* 28 U.S.C. § 2244(b)(2). Therefore, it would not be in the interests of justice to transfer this action to the Tenth Circuit.

Additional considerations governing the discretionary decision to transfer also support this conclusion. *See In re Cline*, 531 F.3d at 1251 (identifying the following considerations: (1) whether the action was filed in good faith or it was clear at the time of filing the action was filed in the wrong court where jurisdiction was lacking; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year limitations period governing federal habeas petitions; and (3) whether the claims are likely to have merit). It should have been clear at the

time of filing that this Court lacks jurisdiction over a successive habeas petition; the one-year limitations period expired many years ago, *see* 28 U.S.C. § 2244(d); and Petitioner fails to identify any potentially meritorious grounds for habeas relief. Under these circumstances, it is not in the interests of justice to transfer this action to the circuit court pursuant to 28 U.S.C. § 1631. Accordingly, it is recommended that the Petition be dismissed for lack of jurisdiction.

### B. Claims Challenging the Conditions of Confinement

To the extent Petitioner instead challenges the conditions of his confinement and seeks relief pursuant to 42 U.S.C. § 1983 for violations of his civil rights, his claims are not cognizable in a habeas corpus action. *See Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. . . . In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action."). If Petitioner seeks to pursue claims pursuant to § 1983, Petitioner must refile this action using the proper form.

The Court declines to construe the Petition as a complaint brought pursuant to § 1983. Petitioner has not submitted the requisite filing fee. And, although Petitioner has moved to proceed in forma pauperis, distinct requirements and conditions govern such a request in a civil rights action including the three strikes provision referenced above. *See* 28 U.S.C. § 1915(g). Additionally, Petitioner's previous filings with this Court demonstrate that he is aware of the proper avenue for pursuing a civil rights action seeking monetary damages. Thus, while the Court is mindful of the requirement that pro se pleadings be liberally construed, for all these reasons, the Court finds that the Petition should be dismissed rather than construed as a complaint brought pursuant to § 1983.

## **RECOMMENDATION**

It is recommended that the Petition [Doc. No. 1] be dismissed without prejudice to refiling for lack of jurisdiction. Further, the "Prisoner's Affidavit of Inability to Pay" [Doc. No. 2] submitted by Petitioner and construed as a request to proceed in forma pauperis, should be denied as moot.[7]

## **NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by June 21, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation by electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondent at fhc.docket@oag.state.ok.us.

---

[7] As part of the paperwork submitted with Petitioner's Prisoner's Affidavit, he included this Court's instructions that accompany the form § 2254 petition. *See* Prisoner's Affidavit at p. 8. Petitioner underlined the following language in paragraph 6 of those instructions: "You must pay a filing fee of $5." He also underlined language to the effect that he is proceeding "as a poor person." *See id*. Petitioner is cautioned that should he choose to refile this action as an action brought pursuant to 42 U.S.C. § 1983 and challenging his prison conditions, even if he is granted in forma pauperis status, he will be obligated to make partial payments until the full filing fee of $350 is paid. *See* 28 U.S.C. § 1915(b); *see also* 28 U.S.C. § 1914(a); Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched. ¶ 14.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 31st day of May, 2016

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE